

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 27, 2022

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Manuel Recio*, **22 Cr. 281 (JPO)**

Dear Judge Oetken:

    The Government respectfully writes with a status update regarding the conflict of interest in the above-captioned matter posed by defense counsel Philip Reizenstein's participation in the Johnny Grobman case. As set forth in greater detail in the Government's June 3, 2022 letter (Dkt. 16), the Government alleges that Manuel Recio and other co-conspirators created a sham invoice from a shell company ("Company-1") to Global Legal Consulting, Recio's company, to disguise bribery payments to John Costanzo as "[s]ervices for Johnny Grobman case." Mr. Reizenstein, who represented Grobman, has relevant knowledge as to whether Company-1 actually performed any work on the Grobman case. The Government believes that Mr. Reizenstein's testimony is necessary at trial and therefore moves to disqualify him as Recio's attorney.

    Since the initial pretrial conference on June 6, 2022, the Government has interviewed another attorney who represented Grobman during the relevant time period ("Attorney-1"). Attorney-1 stated, in sum and substance, that Mr. Reizenstein co-led the Grobman defense team and that Mr. Reizenstein participated in meetings with Recio during which Recio described his investigative work. Attorney-1 also stated that he had never heard of Company-1 and was unaware of any company or individuals, including Costanzo, working with Recio as part of the Grobman defense team.

    On June 22, 2022, the Government spoke with Mr. Reizenstein about this new information and communicated its belief that Mr. Reizenstein would testify at trial, necessitating his withdrawal. On June 23, 2022, Mr. Reizenstein informed the Government that he would not be withdrawing his representation and the Government could move to disqualify him.

**I.**    **Applicable Law**

    New York Rules of Professional Conduct state that :

> A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of

> fact unless:
>> (1) the testimony relates solely to an uncontested issue;
>> (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
>> (3) disqualification of the lawyer would work substantial hardship on the client;
>> (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
>> (5) the testimony is authorized by the tribunal.

New York Rules of Professional Conduct Rule 3.7. The analogous rule in Florida prohibits an attorney from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; (4) disqualification of the lawyer would work substantial hardship on the client." Florida Rules of Professional Conduct Rule 3.7.

Courts in this Circuit have repeatedly held that disqualification is appropriate when a defense attorney is either "an actual or unsworn witness" at his client's trial. *United States v. Jones*, 381 F.3d 114, 121 (2d Cir. 2004); *see also United States v. Cain*, 671 F.3d 271, 295-96 (2d Cir. 2012) ("the risk that Musitano would become a witness against his client was sufficient to justify his disqualification"). In situations such as these, "the disqualification issue [] implicates not only the accused's right to counsel, but also the interests of the judiciary in preserving the integrity of its processes, and the government's interest in ensuring a fair trial and a just verdict." *Jones*, 381 F.3d at 119. This applies whether or not the attorney actually takes the stand, because testimony about the attorney's participation in certain events "subtlety [sic] impart to the jury [the attorney's] first-hand knowledge of events without having to swear an oath or be subject to cross-examination." *United States v. Kerik*, 531 F. Supp. 2d 610, 616 (S.D.N.Y. 2008); *see also id* ("For defense counsel, becoming an unsworn witness, standing alone, is sufficient for disqualification[.]"); *United States* v. *Locascio*, 6 F.3d 924, 933-34 (2d Cir. 1993).

## II. Discussion

The Government respectfully requests that the Court disqualify Mr. Reizenstein as Recio's defense counsel because of his status as a likely witness at Recio's trial. Mr. Reizenstein was not peripheral to Recio's involvement in the Grobman case. To the contrary, testimony at trial will establish that Mr. Reizenstein co-led the defense team and participated in meetings at which Recio discussed his investigative activities. Based on the Government's discussions with Mr. Reizenstein and with Attorney-1, the Government believes that Mr. Reizenstein's testimony will corroborate Attorney-1 and be necessary to establish that Company-1 never performed any work on the Grobman case. This, together with other evidence, will prove that the Grobman invoice was a sham designed to hide the true nature of Recio's payments to Company-1. If the Government did not call Mr. Reizenstein, it could leave the jury with the mistaken impression that Mr. Reizenstein would testify differently from Attorney-1. For those reasons, Mr. Reizenstein's testimony is necessary at trial.

The parties cannot feasibly avoid this issue by not calling Mr. Reizenstein to testify. As an initial matter, the Government believes that establishing the sham nature of the invoice from Company-1 to Recio's company is a critical part of its proof, and corroboration of Attorney-1's testimony on this point is important. But even if the Government only called Attorney-1 to testify at trial, Attorney-1 would almost certainly discuss Mr. Reizenstein's involvement in the Grobman case. This would make Mr. Reizenstein an unsworn witness and, as discussed above, courts have held that even unsworn witness are subject to disqualification. *Locascio*, 6 F.3d at 933-34. Nor does the Government believe that there is a workable stipulation that could render Mr. Reizenstein's testimony unnecessary. As the Government explained to Mr. Reizenstein on June 22, 2022, in order to avoid calling Mr. Reizenstein, the Government would require Recio to stipulate that Company-1 and Costanzo performed no work on behalf of the Grobman case. Such a stipulation "would be akin to admission of guilt," as it would show that Recio was disguising payments to Company-1. *Jones*, 381 F.3d at 121. Regardless, Recio has proposed no stipulation to moot this issue. Even if he had, Costanzo would also be required to enter into such a factual stipulation, and the Government is unaware of any agreement among the defendants regarding a potential stipulation. In short, there appears to be no way around this conflict.

Finally, the anticipated testimony would not fall into any of the exceptions listed in the respective rules of professional conduct. The Government does not expect that this testimony will either be uncontested or a formality. The testimony does not relate to the provision of legal services. And Reizenstein's disqualification would not work a substantial hardship on Recio. The Government first identified this potential conflict in October 2021, approximately seven months before it charged this case. The Government immediately informed Mr. Reizenstein at that time of this potential conflict, and made it clear it might raise it again once the case was charged. The case is still in its early stages and any new counsel would have ample time to get fully up to speed prior to any trial.

### III. Conclusion

For the foregoing reasons, the Government respectfully requests that the Court disqualify Mr. Reizenstein as Recio's counsel.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Sarah Mortazavi / Thane Rehn / Sheb Swett
Assistant United States Attorneys
(212) 637-2520/ 2354 / 6522

cc:   Philip Reizenstein, Esq.