

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 14, 2022

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *United States v. Manuel Recio*, **22 Cr. 281 (JPO)**

Dear Judge Oetken:

The Government respectfully writes in reply to the defendant's July 7, 2022 opposition (Dkt. 28) to address the arguments raised in the opposition.

First, the Court should disqualify Mr. Reizenstein because the opposition convincingly demonstrates that Mr. Reizenstein's anticipated testimony is not cumulative. According to Mr. Reizenstein, he and David Kubiliun focused on different aspects of the Grobman defense and having both of them testify would provide fuller context for Recio's involvement in the case.[1] Nor does the opposition undermine the Government's reliance on Mr. Kubiliun in assessing the need to call all of the attorneys. Like many witnesses recounting events from several years ago, Mr. Reizenstein and David Kubiliun's memories agree on many aspects, including the essential fact that Recio never discussed JEM Solutions or anyone else assisting on the Grobman case, and differ on other aspects. If Mr. Reizenstein's memory mirrored Mr. Kubiliun's memory in every respect, there would be a stronger argument that Mr. Reizenstein's testimony would be unnecessary. But Mr. Kubiliun's recollection that he and Mr. Reizenstein "co-led" the case is not inconsistent with Mr. Reizenstein's memory that he focused on certain things and not others. Regardless, they do agree on the key fact the Government seeks to elicit—that Recio never told them that he was bringing in help on the Grobman case. This corroboration is especially important where the defense may attack the attorneys' memories on cross-examination. For example, to the extent Mr. Kubiliun is cross-examined on JEM's role (or lack thereof) in the Grobman case, the Government must be able to call witnesses who can corroborate him, including Mr. Reizenstein. Even without such anticipated cross-examination, calling Mr. Reizenstein, Mr. Kubiliun, and the third lawyer who worked with Recio on the Grobman case is not cumulative testimony about such a crucial fact and is necessary for the Government to meet its burden in this case.

---

[1] Given the Government's understanding that the entire defense team consisted of only three attorneys, the Government would likely call all of them at trial.

Second, the Court should not consider irrelevant issues raised in the opposition, such as the timing of the invoices from Recio to Greenspoon Marder and from JEM Solutions to Recio. Under the Government's theory—that the invoice from JEM Solutions was meant to conceal bribery payments—there is no factual or temporal link between the payments Recio received for working on the Grobman case and the payments he made to JEM Solutions. Therefore, the dates of these invoices and payments are irrelevant. For the same reason, the fact that Mr. Reizenstein did not know about the JEM Solutions invoice is consistent with the Government's theory. Indeed, that is in part the testimony the Government seeks to elicit from Mr. Reizenstein and others.

Finally, no evidentiary hearing is necessary because there is no factual dispute relevant to resolving this issue. The Government accepts Mr. Reizenstein's factual proffer regarding his memory of his responsibilities on the Grobman case. The question is not whether Mr. Kubiliun is correct that Mr. Reizenstein "co-led" the Grobman team, but whether both of them are necessary witnesses for the Government, which the Court can decide without the need for live testimony from either Mr. Kubiliun or Mr. Reizenstein. Moreover, Mr. Reizenstein's vague reference to an unnamed witness is insufficient to justify scheduling an evidentiary hearing. The Court can and should decide this issue without a hearing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Sarah Mortazavi / Thane Rehn / Sheb Swett
Assistant United States Attorneys
(212) 637-2520/ 2354 / 6522

cc: Philip Reizenstein, Esq.