UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHN COSTANZO JR. and<br>MANUEL RECIO,<br><br>Defendants. | Case No. 22 Cr. 281 (JPO) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MANUEL RECIO'S
MOTION TO SUPPRESS EVIDENCE DERIVED FROM WIRE INTERCEPTIONS
AND TO DISMISS MULTIPLICITOUS COUNTS**

GAINOR & DONNER
3250 Mary Street, Suite 405
Miami, Florida
Tel: 305-537-2000

*Counsel for Manuel Recio*

**FILED UNDER SEAL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..........................................................................................1

ADOPTION OF SPECIAL AGENT COSTANZO'S MEMORANDUM OF LAW ....................2

BACKGROUND ........................................................................................................2

    A. John Costanzo, Manuel Recio And The Drug Enforcement Administration ...............2

    C. The Application For Authorization To Intercept Wire Communications ......................2

ARGUMENT ............................................................................................................3

POINT 1 ..................................................................................................................3

    B. Mr. Recio Has Standing ......................................................................................3

    C. The Delzotto Affidavit Contained Material Omissions and Misstatements That Fatally
    Undermine Probable Cause To Justify The Wiretap Under § 2518(1)(b) .........................4

        1. The Affiant Misrepresented And Omitted CI-1's Extensive Criminal History ..4

        2. The Affiant Misrepresented The "Corroborating Facts" ...................................5

        3. The Affiant Made Additional Material Misrepresentations and Omissions .......9

    E. The Court Should Suppress The Fruits Of The Interceptions .......................................10

    G. With The Delzotto Affidavit's False and Omitted Material Aside, The Remaining
    Content Is Insufficient To Establish Probable Cause .....................................................10

CONCLUSION..........................................................................................................12

**FILED UNDER SEAL**

## TABLE OF AUTHORITIES

**CASES**

*Franks v. Delaware,*
438 U.S. 154 (1978) ........................................................................................... 1

*McColley v. County of Rensselaer,*
740 F.3d 817 (2d Cir. 2014) ......................................................................... 10, 11

**FILED UNDER SEAL**

## PRELIMINARY STATEMENT

Manuel Recio respectfully submits this Memorandum of Law in support of his motion (i) to suppress evidence derived from the wiretap of Mr. Recio's phone and from subsequent search warrants, and for a hearing pursuant to 18 U.S.C. § 2518(10) and *Franks v. Delaware*, 438 U.S. 154 (1978) and (ii) to dismiss multiplicitous counts of the Indictment, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) and the Double Jeopardy Clause of the Fifth Amendment.

Mr. Recio establishes herein that the wiretap of Mr. Recio's phone was statutorily and constitutionally proscribed because the affidavit in support of the search warrant:

- Relied upon a confidential informant who lacked credibility;

- Misrepresented and failed to represent the feculent criminal history of the confidential informant, 

- Failed to disclose that the confidential informant had possible motive to lie ███████

- Failed to disclose that the witness who purportedly corroborated the confidential informant's information ████████

- Without factual basis, made conclusory statements or drew unsupported inferences about

and

**FILED UNDER SEAL**

- Contained significant and material omissions of relevant facts and multiple misstatements of facts that rendered the affidavit fatally defective.

The affiant knew and recklessly disregarded the truth that the CI-1 lacked reliability, had possible motive to lie, and did lie about material facts. The original Title III affidavit, and the subsequent affidavits, were fatally deficient in their disclosures. This Court should suppress the evidence resulting from the search warrants executed in this case.

## ADOPTION OF SPECIAL AGENT COSTANZO'S MEMORANDUM OF LAW

Mr. Recio joins in and adopts in its entirety the Memorandum of Law in Support of Defendant John Costanzo Jr.'s Motion to Suppress Evidence Derived from Wire Interceptions And To Dismiss Multiplicitous Counts ("Special Agent Costanzo's Memorandum"), including exhibits and citations to the record and case law. As additional support, Mr. Recio adds the following (by sections per Special Agent Costanzo's Memorandum):

## BACKGROUND

### A. John Costanzo, Manuel Recio And The Drug Enforcement Administration

Upon retirement from the DEA and through his newly formed company, Global Legal Consulting, LLC, Mr. Recio at all relevant times provided investigative and consulting services for defense attorneys, including a Defense Attorney. Mr. Recio's services included assisting criminal defendants and targets of investigations in cooperating with and providing information to the United States Government.

### C. The Application For Authorization To Intercept Wire Communications

Subsequent to Judge Carter's July 1, 2019, authorization to intercept Target Cellphone 1 and Target Cellphone 2, the government sought and obtained a plethora of additional search

**FILED UNDER SEAL**

warrants, including reapplications for the wiretap interception on Target Cellphone 2, electronic data related to phones and emails, and cell site location and related data as follows:

- August 1, 2019, Title III Reapplication Affidavit Re Target Cellphone 2. Ex. B-1.
- September 3, 2019, Title III Reapplication Affidavit Re Target Cellphone 2. Ex. B-2.
- September 19, 2019, Affidavit Re ██████████ Ex. B-3.
- September 19, 2019, Affidavit Re Cell Site Data Re Target Cellphone 1, Target Cellphone 2 and Target Cellphone 3. Ex. B-4.
- October 3, 2019, Affidavit Re Cell Site Data Re Target Cellphone 2. Ex. B-5.
- November 1, 2019, Affidavit Re Cell Site Data Re Target Cellphone 1 and Target Cellphone 2. Ex. B-6.
- November 12, 2019, Affidavit Re Target Cellphone 1. Ex. B-7.
- April 7, 2020, Affidavit Re ██████████████ Ex. B-8.[1]

Each of the foregoing search warrant affidavits contain the same or similar misrepresentations and omissions described in Special Agent Costanzo's Memorandum and below regarding the Delzotto Affidavit. Declaration of Amber Donner, Ex. A[2].

## ARGUMENT

## POINT 1

### B. Mr. Recio Has Standing

As described in Exhibit F, the Affidavit of Manuel Recio, at all relevant times, Mr. Recio was the subscriber to cellphones ██████████ and ██████████, and the owner of email accounts with the address ██████████████ and ██████████████.

Cellphone ██████████ was the subject of wiretap orders from July 1, 2019, to September 30, 2019, and cellphone ██████████, plus the email accounts ██████████████ and ██████████████, were the subject of subsequent search warrant orders.

---

[1] The government has not produced all search warrants executed in this case. For example, Special Agent Costanzo's phone was the subject of a search warrant but was not produced to Mr. Recio. To the extent that any search warrant affidavit executed by the government not identified here suffers from the infirmities discussed in Special Agent Costanzo's Memorandum and herein, Mr. Recio incorporates those search warrant affidavits and the evidence derived therefrom in this motion to suppress.

[2] Documents cited as "Ex. __" refer to Exhibits attached to the Declaration of Amber Donner.

**FILED UNDER SEAL**

**C. The Delzotto Affidavit Contained Material Omissions and Misstatements That Fatally Undermine Probable Cause To Justify The Wiretap Under § 2518(1)(b)**

    **1.   The Affiant Misrepresented And Omitted CI-1's Extensive Criminal History**

CI-1's criminal history, including ███████████ demanded due diligence by the FBI in ensuring the veracity of CI-1's information and disclosure of CI-1's status in the affidavit to allow the authorizing Court to make an informed decision. The affiant knew or recklessly disregarded

**FILED UNDER SEAL**

the mountain of facts establishing CI-1's lack of veracity and credibility and failed to disclose those facts in the Delzotto Affidavit.

The Delzotto Affidavit further failed to reveal that CI-1 had a possible motive to falsely implicate ███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████ In other words, the affiant was aware but did not disclose that CI-1 had a possible motive to make false statements ██████████████████████████████████████████████████
███████████████████████████████████

## 2. The Affiant Misrepresented The "Corroborating Facts"

As noted in Special Agent Costanzo's Memorandum, ████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

**FILED UNDER SEAL**

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████ None of the affidavits in support of the search warrants subsequent to the Delzotto Affidavit disclosed CI-1's ███████████████████ ████████████████ to CI-1.

The Delzotto Affidavit lacked probable cause to establish another essential element of the charges – payment for confidential information. ██████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

**FILED UNDER SEAL**



**FILED UNDER SEAL**



**FILED UNDER SEAL**

█████████████████████████████████████████████████████
█████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

Finally, fatal to the Delzotto Affidavit is the lack of any suggestion that the █████████████

or any other evidence reflected the necessary elements to establish probable cause for the subject

bribery charges - that Mr. Recio was paying Special Agent Costanzo or any other public official

in return for confidential information.

Thus, the Delzotto Affidavit wrongly led the authorizing Court to believe that ████████████

█████████████████ suggested criminality. It did not, and the affiant knew it.

### 3. The Affiant Made Additional Material Misrepresentations and Omissions

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

**FILED UNDER SEAL**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████ That was also a misrepresentation. ██████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

### E. The Court Should Suppress The Fruits Of The Interceptions

As noted in Special Agent Costanzo's Memorandum and herein, the search warrant affidavits subsequent to the Delzotto Affidavit repeat misstatements and fail to disclose information material to the probable cause determination required to support the execution of the search warrants. ████████████████████████████

███████████████████████████████████████████████

█████████████████████████████ Other specific misstatements and omissions are included in Special Agent Costanzo's Memorandum and here and are incorporated by reference to support suppression of all of the evidence obtained pursuant to the search warrant affidavits.

### G. With The Delzotto Affidavit's False and Omitted Material Aside, The Remaining Content Is Insufficient To Establish Probable Cause

"A plaintiff can demonstrate that her right not to be searched absent a search warrant supported by probable cause was violated where the officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause. Recklessness is inferred when the omitted information was clearly critical to the determination of probable cause."

**FILED UNDER SEAL**

*McColley v. County of Rensselaer*, 740 F.3d 817, 823 (2d Cir. 2014) (citations and internal quotations omitted).

"In determining whether omitted information was necessary to the finding of probable cause, [a court looks] to the hypothetical contents of a corrected application to determine whether a proper warrant application, based on existing facts known to the applicant, would still have been sufficient to support arguable probable cause to make the arrest as a matter of law. In performing the corrected affidavit analysis, we examine all of the information the officers possessed when they applied for the arrest warrant. While the law does not demand that an officer applying for a warrant volunteer every fact that arguably cuts against the existence of probable cause, he must not omit circumstances that are critical to its evaluation." *Id.* at 823 (citations and internal quotations omitted).

"[W]here a warrant affidavit is based upon information provided by a confidential informant, any omissions become all the more glaring because any material omission necessarily alters the totality of the circumstances upon which the confidential information is to be assessed. Each omitted fact necessarily alters this totality because such review demands that courts consider the whole picture and not just the particular facts favored by the officer applying for the warrant. In the face of information that is provided by a confidential informant, each individual fact that composes the totality of the circumstances is all the more likely to be critical to the evaluation of probable cause." *Id.* at 824 (citations and internal quotations omitted).

Here, extracting out all of the information provided by CI-1 leaves ████████████ ████████████████████████████████████████ As discussed herein and in Special Agent Costanzo's Memorandum, the affiant's representations and those meetings and records do

**FILED UNDER SEAL**

not establish probable cause to support the Delzotto Affidavit nor the subsequent search warrant affidavits.

## CONCLUSION

For the forgoing reasons, Manuel Recio respectfully requests suppression of the evidence derived from execution of the search warrants, or in the alternative, a *Franks* hearing, and any other relief that the Court deems just and proper.

Dated: March 13, 2023

Respectfully submitted,

Gainor & Donner

s/Amber Donner
Gainor & Donner
3250 Mary Street
Suite 405
Miami, Florida 33133
Email: gainorlaw.com

*Counsel for Manuel Recio*

**FILED UNDER SEAL**