UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

MANUEL RECIO,
                Defendant.

22-CR-281 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

Pending before the Court is Defendant Manuel Recio's motion to compel the Government to produce certain portions of Drug Enforcement Agency (DEA) and Federal Bureau of Investigation (FBI) manuals and policy statements, or alternatively, for an order authorizing the issuance of subpoenas to the DEA and FBI seeking those materials.

## I. Background

On May 18, 2022, a grand jury returned an indictment (the "Indictment") charging Defendants John Costanzo, Jr. and Manuel Recio with one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Count One); one count each of substantive bribery, in violation of 18 U.S.C. §§ 201 and 2 (Counts Two and Three);[1] one count of conspiracy to commit honest services fraud, in violation of 18 U.S.C. §§ 1349 (Count Four); and one count of honest services fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2 (Count Five). (ECF No. 1.)

The Government's case turns on whether Recio and others provided bribes to Costanzo, a DEA Special Agent, in violation of his official or lawful duties. The Indictment refers to the

---

[1] Count Two charges Costanzo with being a public official who accepted a bribe; Count Three charges Recio with bribery of a public official.

1

Standards of Conduct outlined in the DEA Personnel Manual, including sections on "Impartiality in Performing Official Duties" and "Misuse of Official Position." (*Id.* ¶¶ 9 – 12.)

Upon Recio's request, the Government has produced Chapters 22 ("General Personnel Procedures"), 27 ("Personnel Relations and Services"), and 28 ("Insurance and Annuities") of the DEA Personnel Manual, in addition to its full Table of Contents. (ECF No. 86 at 2.)

Recio now seeks disclosure of:

> (1) The materials referenced in the DEA Personnel Manual at Chapter 27, p. 36: § 2735.10 References; 4. Department of Justice Order 2610.28; 5. Department of Justice Order 1792.1 for all versions effective during the years 2018 and 2019;
>
> (2) All Chapters of the DEA Agent Manual and any other policy statements by the DEA relating to disclosure of non-public information, acceptance of benefits, outside employment, and misuse of official position for all versions effective during the years 2018 and 2019, plus all policy statements regarding the use of confidential informants for the periods during which CI 1 was used as a confidential informant by the DEA [together with the above, the "DEA Materials"], and
>
> (3) All Chapters of the FBI Agent Manual and any other policy statements by the FBI relating to the establishment and use of confidential informants for the periods during which CI-1 was used as a confidential informant by the FBI [the "FBI Materials"].

Recio submitted requests for these materials directly to the FBI and DEA pursuant to *Touhy v. Ragen*, 340 U.S. 461 (1951), but both agencies refused to produce the materials. (ECF No. 86 at 3.)

## II. Legal Standards

### A. Rule 16(a)(1)

Federal Rule of Criminal Procedure 16 provides that, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy" any documents, data, or objects in the government's possession, custody, or control that are "material to preparing the defense."

2

Fed. R. Crim. P. 16(a)(1)(E)(i). Relevant here, "knowledge on the part of persons employed by a different office of the government does not in all instances warrant the imputation of knowledge to the prosecutor." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998). In the context of Rule 16, the government's obligation to disclose evidence maintained by another federal agency depends on whether the agency is "an arm of the prosecutor" or "part of the prosecution team." *United States v. Morgan*, 302 F.R.D. 300, 304 (S.D.N.Y. 2014) (citations omitted). "[W]hether an individual or agency is part of the prosecution team depends on the facts and circumstances of the case." *Id.*

Courts in this District consider whether the government and the other agency conducted a "joint investigation," assessing factors such as whether the agency: "(1) participated in the prosecution's witness interviews, (2) was involved in presenting the case to the grand jury, (3) reviewed documents gathered by or shared documents with the prosecution, (4) played a role in the development of prosecutorial strategy, or (5) accompanied the prosecution to court proceedings." *United States v. Middendorf*, No. 18-CR-36, 2018 WL 3956494, at *4 (S.D.N.Y. Aug. 17, 2018) (citations omitted).

"The materiality standard of Rule 16 normally is not a heavy burden." *United States v. Abdalla*, 317 F. Supp. 3d 786, 791 (S.D.N.Y. 2018) (quoting *United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013)). Information is material if it could be "used to counter the government's case or to bolster a defense." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). "There must be some indication that the pretrial disclosure of the disputed evidence would . . . enable[ ] the defendant significantly to alter the quantum of proof in [their] favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir.1991) (citation omitted). The "defendant must make a *prima facie* showing of materiality, and must offer more than the conclusory

3

allegation that the requested evidence is material." *Urena*, 989 F. Supp. 2d at 261 (citation omitted).

        **B.**       **Rule 17(c)(1)**

Under Federal Rule of Criminal Procedure 17(c)(1), the Court may authorize the issuance of a subpoena directing the production of materials prior to trial. Under Rule 17(c)(2), the Court may quash or modify such a subpoena "if compliance would be unreasonable or oppressive." To avoid this, the party seeking compliance with the subpoena must show by a preponderance of the evidence that the requested materials are (1) relevant; (2) specifically identified; (3) admissible; and (4) "not otherwise procurable by the exercise of due diligence." *United States v. Barnes*, 560 F. App'x 36, 40 (2d Cir. 2014) (summary order).

**III.**    **Discussion**

        **A.**       **FBI Materials**

The Government acknowledges that the "prosecution team includes FBI agents assigned to this matter from the New York Field Office." (ECF No. 89 at 8.) Thus, materials that are actually in the "possession, custody, or control" of those FBI agents *and* that are "material" to the defense are presumptively subject to Rule 16 disclosure. Recio is seeking FBI Manual excerpts and FBI policy statements "relating to the establishment and use of confidential informants." The Government argues that the "possession, custody, or control" factor is not met because the Court must draw a line between FBI agents assigned to the New York Field Office and the FBI as a whole, or else risk adopting the type of "monolithic view of government" that would "condemn the prosecution of criminal cases to a state of paralysis." (*Id.* (quoting *Avellino*, 136 F.3d at 255).) Indeed, it seems doubtful that Rule 16 discovery encompasses every internal FBI document that FBI agents are presumed to be knowledgeable about. But the parties do not cite any authority that clearly addresses this point. In any event, even assuming that this

4

information is in the "possession, custody, and control" of the prosecution team, Recio has not shown that it is material. The Government represents that it has already produced "the FBI's materials relating to this investigation." Recio will be able to cross-examine any witness, including any cooperating witness, but he has not shown how the FBI's general policy statements on the use of confidential informants would be relevant evidence at trial or otherwise material to the defense. Such materials could not be used to impeach a fact witness (who would have no knowledge of them), and Recio has not shown that it would somehow be proper to use this information to impeach the investigation itself, given that the Government is not on trial.

For similar reasons, Recio has not justified the issuance of a subpoena for the FBI materials under Rule 17(c). He has not shown that the documents are "relevant" for the reasons discussed above, and the only purpose he has identified is impeachment. *See United States v. Nektalov*, No. 03-CR-828, 2004 WL 1574721, at *2 (S.D.N.Y. July 14, 2004) ("Documents sought solely for impeachment purposes are not the proper subject of a Rule 17(c) subpoena.").

B.     **DEA Materials**

Recio has not justified disclosure of the DEA materials under Rule 16. Though the DEA shared documents with the FBI during the investigation, that fact satisfies only one of the factors enumerated in *Middendorf*. Additionally, courts in the Southern District frequently refuse to consider an outside agency to be part of the prosecution team where the document sharing only flowed in one direction, as here. *See United States v. Alexandre*, No. 22-CR-326, 2023 WL 416405, at *6 (S.D.N.Y. Jan. 26, 2023).

With respect to Rule 17(c), Recio's request must be broken down into its two components: (1) DEA materials relating to agent conduct, and (2) "policy statements regarding the use of confidential informants." With respect to the second category, the materials are not properly subject to a Rule 17(c) subpoena for the same reasons as discussed in connection with

5

the parallel FBI materials. Recio's request is therefore denied as to DEA policy statements regarding the use of confidential informants.

Recio has, however, justified the issuance of a subpoena under Rule 17(c) for DEA materials regarding agent conduct. Recio has shown by a preponderance of the evidence that the materials are relevant to the question whether co-defendant Costanzo violated his official duties. The materials are sufficiently identified such that the Government's concerns about a "fishing expedition" are unwarranted. And the Court identifies no reason to conclude at this juncture that the materials would be inadmissible at trial. The Government argues that disclosure is improper under Rule 17 because Recio's *only* use for the DEA materials is for impeachment purposes. *See, e.g.*, *Nektalov*, 2004 WL 1574721, at *2. But Recio has stated that he may use the material to contest whether the Government has affirmatively proved the elements of its case against him and his co-defendant under 18 U.S.C. § § 201(b)(1)(c) and (b)(2)(c). Finally, Recio has shown that the materials are "not otherwise procurable by the exercise of due diligence," given that they are not public and the DEA denied his *Touhy* request.

The Government next argues that a subpoena is impermissible because disclosure of the DEA Materials (and the FBI Materials) would infringe upon the law enforcement privilege. The Government fails to cite any relevant case law on this point.

"The party asserting the law enforcement privilege bears the burden of showing that the privilege indeed applies to the documents at issue." *In re The City of New York*, 607 F.3d 923, 948 (2d Cir. 2010). Therefore, the Government must show that the DEA materials contain:

> (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation,

(5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations.

*Id.* (internal quotation marks and citations omitted). The Government's reference to the need to "protect confidential and proprietary law enforcement techniques and procedures" is vague and unsupported. The Government has not carried its burden of showing that the privilege applies.

## IV. Conclusion

For the foregoing reasons, Recio's motion to compel or, in the alternative, to order the issuance of subpoenas is granted in part and denied in part.

The Government is directed to comply with the subpoena attached at ECF No. 85-1 with regard to the requested DEA materials regarding agent conduct, but not those regarding the use of confidential informants.

The Clerk of Court is directed to close the motion at ECF Number 84.

SO ORDERED.

Dated: August 9, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge