

# GAINOR & DONNER

*3250 Mary Street*
*Suite 405*
*Miami, Florida 33131*
*O.305.537-2000*
*F.305.537-2001*
*C.305.206.2008*
*Gainorlaw@gmail.com*
*Amber_Donner@hotmail.com*

September 19, 2023

**BY ECF**
The Honorable J. Paul Oetken
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *United States v. John Costanzo Jr. and Manuel Recio*, 22 Cr. 281 (JPO)
          **Motion to Quash Trial Subpoena**

Dear Judge Oetken:

      We write to respectfully request that the Court quash the trial subpoena issued by the Government to ▮▮▮▮▮▮▮▮▮▮▮▮, a Limited Liability Company wholly owned by Defendant Manuel Recio, a copy of which is attached as Exhibit 1 ("Trial Subpoena").

      The Court should quash the Trial Subpoena because it does not comport with Supreme Court precedent, including the requirements of *United States v. Nixon*, 418 U.S. 683 (1974) and *United States v. Hubbell*, 530 U.S. 27 (2000) – it is not specific, the materials sought by the Government are procurable by the Government in the exercise of due diligence, and it improperly seeks testimonial information by Mr. Recio.

     I.    **Relevant Procedural History**

      On or about May 18, 2022, a grand jury in the Southern District of New York returned a five-count Indictment charging co-defendant DEA Special Agent John Costanzo and Mr. Recio with participating in a bribery scheme between October 2018 to November 2019. (DE 1 ¶ 7).

      The Indictment generally alleges that Special Agent Costanzo and Manuel Recio, together with others, engaged in a bribery scheme in which Mr. Recio and others provided Special Agent

Costanzo with "various benefits" in exchange for Special Agent Costanzo using his position as a DEA agent to provide "nonpublic DEA information, including information about forthcoming, sealed indictments and nonpublic investigations" to Mr. Recio. At the time of the alleged scheme, Mr. Recio was working as a private investigator and is alleged to have sought the information to recruit new clients for defense attorneys on an "as-needed basis." *Id.*

A trial is presently scheduled for October 23, 2023. (DE 50).

## II. The Trial Subpoena

The Trial Subpoena dated August 28, 2023, was served upon undersigned counsel on that same day, and shortly thereafter undersigned counsel accepted service. The Trial Subpoena is directed to the Custodian of Records of ████████████████. Mr. Recio, a Florida resident, is the registered agent, sole manager and sole employee of ████, a Florida Limited Liability Company (████████████).

The Trial Subpoena seeks either the personal appearance and production of materials on the date of the beginning of the trial period, October 23, 2023, at 9:00 a.m., or personal appearance may not be required if the requested documents are produced on or before the appearance date to Special Agent ████████, Federal Bureau of Investigation and accompanied by an executed copy of the Declaration of Custodian of Records attached to the Trial Subpoena.

The materials to be produced are:
- All documents, communications, or other records related to the November 12, 2018 invoice attached to the Trial Subpoena as Exhibit A.
- All documents, communications, or other records related to the April 17, 2019 invoice attached to the Trial Subpoena as Exhibit B.
- All documents, communications, or other records related to the June 3, 2019 invoice attached to the Trial Subpoena as Exhibit C.

Pursuant to communication with the prosecutors in this case, it will be their position at trial that the foregoing Exhibits, each invoice produced by the Government in discovery, are "a fraud" and that they do not want to be "surprised" at trial by any documents that Mr. Recio asserts establish their legitimacy. Accordingly, the Government seeks via the Trial Subpoena to compel Mr. Recio to identify all documents, communications, or other records *related to* the invoices. Through undersigned counsel, Mr. Recio has advised the Government that any materials that might be related to the invoices are in the discovery produced in this case.

## III. Bases for the Motion to Quash

"Rule 17(c), Fed. R. Crim. P., allows parties to subpoena documents and objects to be introduced at criminal trials. A subpoena must meet three criteria: '(1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Nixon*, 418 U.S. 683, 700 (1974) (citation omitted). The party requesting the subpoena must also show that the information sought is "not otherwise procurable reasonably in advance of trial by exercise of due diligence" that "the party cannot properly prepare for trial without such production," and that "the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id.* at 699-700.

a. **The Trial Subpoena Lacks Specificity**

In violation of the *Nixon* requirements, the Trial Subpoena's request for all documents "related to" the invoices does not identify specific documents. Furthermore, in the context of a custodian of records who is also a defendant, the Government must "demonstrate with reasonable particularity that it knows of the existence and location of the subpoenaed documents. *United States v. Fridman,* 337 F. Supp. 3d 259, 265 (S.D.N.Y. 2018), *aff'd sub nom.* 974 F.3d 163 (2nd Cir. 2020). Here, the Government has acknowledged that it is unaware of the existence of responsive documents.

b. **The Materials Sought by the Government Are Procurable by the Government and Are Already in Possession of the Government**

Also in violation of *Nixon*, the Government cannot establish that the documents are not otherwise procurable by exercise of due diligence. The Government has all of Mr. Recio's electronically stored information, bank records and other discovery for the relevant time periods. With due diligence the Government can identify relevant materials in its possession. *Nixon* at 699-700.

c. **The Subpoena Request Improperly Seeks Testimonial Information**

The Trial Subpoena, perhaps innocuously on its face, seeks materials related to invoices relevant to this case. But the Trial Subpoena has a much more sinister and improper purpose – the Government seeks Mr. Recio, as custodian of records, to identify materials supportive of the legitimacy of the invoices, or to admit that there are no materials. There is simply no precedent for a criminal defendant providing "the combination" to his defense. *United States v. Hubbell*, 530 U.S. 27, 29 (2000) ("It was unquestionably necessary for respondent to make extensive use of "the contents of his own mind" in identifying the hundreds of documents responsive to the requests in the subpoena. See *Curcio v. United States*, 354 U.S. 118 (1957); *Doe v. United States*, at 210. The assembly of those documents was like telling an inquisitor the combination to a wall safe[.] [*Id.* n. 9.]"). *See also United States v. Trenk,* 2006 U.S. Dist. LEXIS 84970 at *21, Case No. 06-1004 (D.N.J. November 20, 2006), *vacated in part on other grounds, sub nom*., 2007 U.S. Dist. LEXIS 4273 (D.N.J. January 22, 2007) ("Trenk can assert the Fifth Amendment privilege against self-incrimination if the summons requires him to 'disclose the contents of his own mind,' or to make statements beyond what is implicit in production of the documents. *Curcio*, at 128.").

In *Hubbell*, similar to here, the requests sought "any and all documents reflecting, referring, or relating to[,]" *Id.* at 46, which requests were admittedly testimonial and violative of Hubbell's Fifth Amendment privilege against self-incrimination. Also testimonial is a communication that explicitly or implicitly relates a factual assertion or discloses information, *Hubbell* at 36, n. 19, such as here where the Government seeks affirmation that materials do not exist.

3

IV.     **Conclusion**

In sum, the Government seeks to compel Mr. Recio to identify materials in the Government's possession that Mr. Recio may rely upon in his defense or to affirm that materials do not exist. There is no legal basis for such a request.

For all the above reasons, this Court should enter an order quashing the Trial Subpoena.

Dated: September 19, 2023
       New York, New York

                              Respectfully submitted,

                              s/Amber Donner
                              Gainor & Donner
                              3250 Mary Street
                              Suite 405
                              Miami, Florida 33133
                              Email: gainorlaw.com
                              *Counsel for Manuel Recio*

cc Via ECF: all counsel