UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JOHN COSTANZO JR. and
MANUEL RECIO,

        Defendants.

---

Case No. 22 Cr. 281 (JPO)

## DEFENDANTS' JOINT PROPOSED *VOIR DIRE* OF PROSPECTIVE JURORS

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
(212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for John Costanzo, Jr.*

Ronald Gainor
GAINOR & DONNER
3250 Mary Street, Suite 405
Miami, FL 33133
(305) 537-2004
Gainorlaw@gmail.com

*Counsel for Manuel Recio*

Defendants John Costanzo Jr. and Manuel Recio (jointly "the defendants") respectfully submit this proposed *voir dire* pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure and request that the Court include the following questions in its examination of prospective jurors. In the event a prospective juror's answers reveal that further questioning is appropriate, the defendants respectfully request that the Court pursue more detailed questioning to determine if the prospective juror is able to be fair and impartial in this case. In addition, if a prospective juror has heard of, or otherwise is familiar with, any aspect of this case, the defendants respectfully ask that the Court question the prospective juror outside the presence of the broader jury pool.

## JOINT STATEMENT OF THE CASE

[submitted]

## KNOWLEDGE OF TRIAL PARTICIPANTS

1. The Government is represented in this case by the United States Attorney for the Southern District of New York, Damian Williams. This trial will be prosecuted by Assistant United States Attorneys Sebastian Swett, Emily Deininger and Mathew Andrews.

    a. Have you seen or heard any news stories or internet postings about U.S. Attorney Damian Williams or his office?

    b. To the best of your knowledge, have you or any relative or close friend had any dealings, either directly or indirectly, with Mr. Williams, Mr. Swett, Ms. Deininger, Mr. Andrews, or with the United States Attorney's Office?

2. The defendants in this case are John Costanzo, Jr. and Manuel Recio. Mr. Costanzo is a special agent and a supervisor with the Drug Enforcement Administration (the "DEA"). Mr. Recio is a retired special agent and supervisor with the DEA, and is now a private investigator.

    a. Do any of you know Mr. Constanzo or Mr. Recio?

b. To the best of your knowledge, have you, or any relative or friend, had any dealings, either directly or indirectly, with Mr. Costanzo or Mr. Recio?

c. Have any of you seen or heard any news stories or internet postings about Mr. Costanzo or Mr. Recio or otherwise know of them?

3. Mr. Costanzo is represented by Marc Mukasey and Torrey Young. They will be assisted by Stephanie Guaba, Michael Westfal and Sal Chan.

   a. Do any of you know Mr. Mukasey, Ms. Young, Ms. Guaba, Mr. Westfal, or Mr. Chan?

   b. To the best of your knowledge, have you, or any relative or friend, had any dealings, either directly or indirectly, with any of the individuals I just mentioned?

4. Mr. Recio is represented by Ron Gainor and Amber Donner.

   a. Do any of you know Mr. Gainor or Ms. Donner?

   b. To the best of your knowledge, have you, or any relative or friend, had any dealings, either directly or indirectly, with either of them?

5. Have any of you ever heard of a company called Global Legal Consulting? How about JEM Solutions? If so, what did you hear and what was the source of that information?

6. Have you read or heard anything about this case other than what I have told you? If yes:

   a. Based on what you heard or read, have you formed any opinions or views one way or the other? [Please answer only "yes" or "no"]

7. Do you know of, or have you had any dealings with, any of the following people who may be mentioned or who may testify in this case [list to be provided]?

8. Do you know any other member of the prospective jury panel?

# JUROR BACKGROUND

9. What county do you live in? How long have you lived there?

    a. Do you own your home or do you rent?

    b. Do you have a mortgage?

10. Have you lived in any other city in the last ten years? If yes, where?

11. What is the highest level of education you completed?

12. Do you speak, read or understand Spanish?

13. Are you currently employed? If yes:

    a. Where do you work?

    b. How long have you worked for that employer?

    c. Do you socialize with people from your workplace?

    d. Do you socialize with people from jobs you've worked at in the past?

14. Are there any other people living in your household? If so, what do they do for a living?

15. Do you have any children? If so, what are their ages.

    a. If you have adult children, what do they do for living?

16. Do you communicate with friends, family or associates through text messages and/or particular messaging apps such as WhatsApp, Signal, Telegram or something similar?

17. What are your main sources of obtaining news and information?

18. What magazines, newspapers or websites do you read or follow on a regular basis? How often do you view those sources?

19. What television shows or series do you watch or stream on a regular basis?

20. Do you watch or stream any television shows, movies, or documentaries about the justice system, "true crime," and/or people accused of crimes? Which such programs have you watched recently? Would those programs in any way impact your ability to be fair in this case?

21. What podcasts, if any, do you listen to? Have you listened to any podcasts recently that dealt with criminal cases or criminal justice issues? If so, what podcasts?

22. What social media platforms, if any, do you use (*e.g.,* Facebook, Twitter, Instagram, LinkedIn, TikTok)?

23. What are your hobbies? What do you like to do in your free time?

24. Name someone, who is not related to you, living or passed away, whom you admire.

## **EXPERIENCE WITH THE LEGAL SYSTEM**

25. Do you have any opinions about the legal system, whether positive or negative?

26. Have you ever served on a jury before? If yes:

    a. Was it a criminal or civil case?

    b. If it was a criminal case, did the jury return a verdict?

    c. Did you serve as the foreperson on the jury?

    d. Did you find the experience rewarding?

27. Have you ever served on a grand jury?

28. Have you ever been a party in any kind of legal case or lawsuit? If so, what kind? Do you feel that the legal system treated you fairly?

29. Have you ever been a witness in a lawsuit? If yes, what was the case about?

30. Have you or any relative or close friend ever been the victim of crime, whether it was reported or not?

31. Have you or any relative or close friend ever been accused, charged with, or convicted of, a crime?

32. Do you believe that the testimony of a law enforcement officer or federal agent should be given either greater or lesser weight than other types of witnesses, based solely on their status in law enforcement?

33. Do you believe that if a lawyer for the government or a law enforcement officer says that something is true, that it is likely to be true?

34. Do you hold any opinion about lawyers that would make it hard for you to be fair in this case?

35. Have you, or any relative or close friend, ever been employed by any prosecutor's office or law enforcement agency whether federal, state, or local?

    a. Have you ever considered working in law enforcement?

36. Have you, or any relative or close friend, ever been employed by the United States government or by any of its offices, departments or agencies, such as the Federal Bureau of Investigation (FBI), the DEA, or the Department of Justice?

37. Does the fact that the federal government is a party to this case affect in any way how you think about the case? If so, why?

38. You may hear testimony in this case from an individual who has pleaded guilty to certain crimes and is testifying for the government in the hopes of obtaining leniency when he is sentenced. Do you have an opinion about the testimony of such a witness? Are you more or less inclined to believe a witness's testimony if he is seeking leniency in exchange for his testimony?

## EXPERIENCE WITH THE SUBJECT MATTER OF THE CASE

39. Have you, or any relative or close friend ever worked in law enforcement? If so, please describe the nature of the work.

40. Have you, or any relative or close friend ever worked in the field of private investigation?

41. Do you have an opinion – positive or negative - about the government's enforcement of the drug laws?

    a. Do you believe that it is important for the government to stop the flow of drugs into the United States?

    b. Do you have an opinion about federal agents who enforce the drug laws?

    c. Do you feel that the government should be doing more – or less - to investigate and prosecute drug crimes?

    d. Do you feel the government should not prosecute drug crimes?

    e. Do you have any other opinion about the government's regulation of narcotics or enforcement of the drug trafficking laws that may impact your ability to be a fair and impartial juror?

## DUTY AS JURORS

42. The fact that a defendant has been indicted is entitled to no weight in deciding whether the defendant is innocent or guilty. Do you have any concerns with this principle, and would you be able to keep an open mind during the presentation of the evidence in this case?

43. Mr. Costanzo and Mr. Recio are each presumed to be innocent as they sit here now. As to each of them, the presumption of innocence requires that you find them not guilty, unless you become satisfied that the government has proven the guilt of that defendant on each element of a particular count beyond a reasonable doubt. The burden of proof rests upon the prosecution

at all times and never shifts to a defendant. The presumption of innocence means that Messrs. Costanzo and Recio have no obligation or duty to prove their innocence or to offer any proof or evidence at all.

   a. Would you have any difficulty presuming Mr. Costanzo and Mr. Recio to be innocent of all charges and finding each man not guilty unless the government proves to you - beyond a reasonable doubt - that he committed the offenses charged?

44. Do you think that because Mr. Costanzo or Mr. Recio have been charged by the government and is here on trial, they must have done something wrong?

45. If, at the end of this case, you have a "gut" feeling that the defendants may have committed the crimes with which they are charged, but the government did not meet its burden of proving the defendants' guilty beyond a reasonable doubt, would you hesitate to find the defendants not guilty?

46. Neither Mr. Costanzo nor Mr. Recio is obligated to testify in his own defense or to present any witnesses or evidence. If a defendant does not testify, the jury cannot draw any unfavorable inferences against that defendant based on that decision. Would you have any difficulty following this requirement?

47. If defense counsel does decide to present evidence on the defendants' behalf, that fact does not shift the burden of proof to the defendant, nor does it diminish the government's obligation to prove the defendants' guilt beyond a reasonable doubt. Would you have any difficulty following this principle?

48. If you are selected as a juror, you may not look to any online, newspaper, television, or any other source to learn anything about this case. Would you have a difficult time resisting the temptation to look to sources outside what is presented in this Court?

49. Do you have any religious, philosophical, moral or other belief that might make you unable to render a verdict for reasons unrelated to the law and the evidence presented in the case?

50. Is there any factor that I have not covered in my questions that you think would make it impossible for you to serve as a fair and impartial juror?

Respectfully submitted,

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 1002
(212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for John Costanzo*

Ronald Gainor
GAINOR & DONNER
3250 Mary Street, Suite 405
Miami, FL 33133
 (305) 537-2004
Gainorlaw@gmail.com

*Counsel for Manuel Recio*