

# GAINOR & DONNER

*3250 Mary Street*
*Suite 405*
*Miami, Florida 33131*
*O.<u>305.537-2000</u>*
*F.<u>305.537-2001</u>*
*C.<u>305.206.2008</u>*
*<u>Gainorlaw@gmail.com</u>*
*<u>Amber_Donner @hotmail.com</u>*

October 9, 2023

The Honorable J. Paul Oetken
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *United States v. John Costanzo Jr. and Manuel Recio*, 22 Cr. 281 (JPO)
           **Motion to Allow Use of Privileged Materials**

Dear Judge Oetken:

      We write to respectfully request that the Court allow in this case the use of materials that may be the subject of third party attorney client and work product privileges because, as more particularly described below, the Due Process Clause trumps the privileges, plus neither the purposes for which the privileges exist nor the privilege holders will be adversely affected, and the materials are relevant, exculpatory, and in fairness ought to be considered in connection with the government and defense presentation of evidence.

      I.      **Relevant Procedural History and Background**

John Costanzo Jr. ("Special Agent Costanzo") has been a Special Agent with the DEA since about 2004; he is presently on unpaid administrative leave. Manuel Recio was a Special Agent with the DEA from 1997 until his retirement in November 2018. Since his retirement, Mr. Recio has owned a consulting firm and has worked as a private investigator for criminal defense attorneys.

In connection with the government's investigation in this case, the following materials were obtained:

- On July 1, 2019, Judge Andrew L. Carter, Jr., United States District Judge, authorized an application to intercept a cellphone belonging to Mr. Recio's cellular phone ("Intercepts"). SDNY_0003503.
- On September 19, 2019, Judge Ona T. Wang, United States Magistrate, authorized a search warrant for a yahoo email account associated with Mr. Recio. SDNY_0001449.
- On November 12, 2019, Judge Edwin G. Torres, United States Magistrate Judge, authorized an application for a search warrant of the Recio's Phone. SDNY_0001486.
- On April 7, 2020, Judge James L. Cott, United States Magistrate, authorized a search warrant for an google email account associated with Mr. Recio. SDNY_0001517. (The latter three search warrant results are collectively referred to as "ESI").

The Intercept and the ESI resulted in the government's collection of a plethora of communications between and among Mr. Recio and clients or prospective clients ("Clients") of attorneys' regarding which Mr. Recio was performing investigative and other services. Most of the Clients were the subject of DEA investigations and were considering cooperation. The Intercepts and ESI communications generally included direct communications between Mr. Recio and the Clients and communication between the attorney and Mr. Recio about the Clients. Government Letter to Judge J. Paul Oetken dated August 18, 2023. ECF 98. To minimize the risk of violating privileged communications, the government set up a privilege review team that filtered the Intercepts and ESI communications from the prosecution team. *Id*.

On or about May 18, 2022, a grand jury in the Southern District of New York returned a five-count Indictment charging Special Agent Costanzo, Mr. Recio and others with participating in a bribery scheme between October 2018 to November 2019 in which Mr. Recio and others are alleged to have provided Special Agent Costanzo with "various benefits" in exchange for Special Agent Costanzo using his position as a DEA agent to provide "nonpublic DEA information, including information about forthcoming, sealed indictments and nonpublic investigations" to Mr. Recio. ECF 1.

During this case, the production of Federal Rule of Criminal Procedure 16 discovery to Mr. Recio included the materials identified by the taint team as privileged ("Privileged Materials"), but not to the prosecution team nor Special Agent Costanzo's counsel (except vis a vis ▮▮▮▮ as discussed below). Discovery Production 2 (to Mr. Recio's counsel only).

## II. The Government's Evidence and the Privileged Materials

The government intends to introduce hundreds of communications obtained through recordings by the confidential informant, Intercepts and ESI, Government Exhibit List as of October 4, 2023, plus additional communications through testimony of witnesses. Government 3500 Production beginning September 16, 2023. Included among these communications are discussions between and among Mr. Recio, Special Agent Costanzo, attorneys, and DEA Agents involved in the investigations of the Clients.

The Privileged Materials contain communications related to Clients and specifically related to the subject matter of the communications the government intends to introduce. The Privileged Materials contain communications that are exculpatory and directly relate to the defenses in this case. Without introduction of the Privileged Materials, the jury will have an incomplete and inaccurate narrative of the subject events and the defense will be denied its ability to present a defense. But for their privileged nature, the communications and materials are admissible under various Federal Rules of Evidence, including 106, 801, 803, 804 and 807.

### III. Individuals Subject of this Motion

Mr. Recio seeks authorization to use in this case the Privileged Materials - attorney client and work product communications and materials that the government has identified (or previously identified) as privileged regarding the following individuals:



- ▪
- ▪
- ▪
- ▪
- ▪
- ▪
- ▪
- ▪
- ▪

### IV. Bases for the Motion to Allow the Use of Privileged Materials

#### a. Vis a vis ███████, the Government Asserts that the Communications Are Not Privileged

Although originally marked and withheld as privileged, the government has asserted both in Court (at a hearing held on August 30, 2023) and in conversations with counsel that communications regarding ███ are not privileged and, upon information and belief, most of the communications regarding ███ have been produced to the government and to counsel to Special Agent Costanzo. However, because it is the client who holds the privilege, and in an abundance of caution, Mr. Recio seeks an order authorizing the use of all communications and materials recovered by the government regarding ███ and included within the Intercepts and ESI. The communications and materials related to ███ are critical to the defense and are necessary to rebut testimonial and documentary evidence that the government seeks to introduce at trial.

#### b. Other Individuals

Regarding the individuals identified above other than ███, Mr. Recio seeks an order authorizing the use of all communications and materials recovered by the government and included within the Intercepts and ESI. The communications and materials are critical to the defense and are necessary to rebut testimonial and documentary evidence that the government seeks to introduce at trial.

#### c. Limited Purpose and Scope of the Communications Sought to Be Introduced

The purpose and scope for the use of the subject communications will generally be limited to matters related to discussions of retention of the individuals as clients, actual or anticipated

cooperation by the subject individuals, and to establish the individuals' status vis a vis government investigation and action.

## V. The Due Process Clause Trumps the Privileges

"The attorney-client privilege belongs 'solely to the client.' *In re Von Bulow,* 828 F.2d 94, 100 (2d Cir.1987). Therefore the privilege can be asserted only by the client or by a person authorized to do so on the client's behalf…Third parties against whom the evidence is offered cannot insist that the privilege be maintained." *United States v. Sattar*, 02 CR. 395 JGK, 2003 WL 22137012, at *18 (S.D.N.Y. Sept. 15, 2003), *aff'd sub nom.United States v. Stewart*, 590 F.3d 93 (2d Cir. 2009)(internal citations omitted).

"Whether rooted" in the rights of due process, compulsory process, or confrontation, "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *see Taylor v. Illinois*, 484 U.S. 400, 409 (1988) (holding the Sixth Amendment guarantees "the right to present the defendant's version of the facts"); *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) (holding "criminal defendants have the right . . . to put before a jury evidence that might influence the determination of guilt").

As a result, "[e]ven the attorney-client privilege" should "yield in a particular case" if a defendant's constitutional rights "would be violated by enforcing the privilege." *United States v. Rainone*, 32 F.3d 1203, 1206 (7th Cir. 1994). Thus, in *United States v. Weisberg*, 2011 U.S. Dist. LEXIS 37221, No. 08-CR-347, at *12-13 (E.D.N.Y. Apr. 5, 2011), the District Court noted that in "certain cases, a criminal defendant's constitutional right to present a defense may outweigh a third party's right to assert privilege." Vis a vis the work product privilege, where "a criminal defendant seeks to subpoena work product, he can overcome the privilege by demonstrating, as in the civil context, a 'substantial need' for the requested items and that he 'cannot, without undue hardship, obtain their substantial equivalent by other means.'" *Id.* at 13.

In *Morales v. Portuondo*, 154 F. Supp. 2d 706, 730-31 (S.D.N.Y. 2001), the court in a habeas corpus proceeding found that evidence protected by the attorney-client privilege was admissible since, in light of the "remarkable circumstances," not admitting the evidence would render that proceeding "fundamentally unfair".

The Supreme Court rulings on the broader issue of evidentiary rules yielding to constitutional rights was succinctly summed up by the District Court of Montana:

> The Supreme Court has stated in summary fashion that the principle requires the evidentiary rules to yield to Sixth Amendment rights where application of the rules of evidence would "significantly undermine[ ] fundamental elements of the defendant's defense." *United States v. Scheffer,* 523 U.S. 303, 315, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (synthesizing the holdings of *Rock, Washington* and *Chambers*). It follows hand in glove that in weighing the competing interests it is the exculpatory value of the lost evidence to the accused that weighs most heavily on the scale of fair trial. *Id.* at 316–317, 118 S.Ct. 1261; *Davis,* 415 U.S. at 319, 94 S.Ct. 1105; *Rock,* 483 U.S. at 57, 107 S.Ct. 2704.

*United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1140 (D. Mont. 2006).[1]

---

[1] Regarding the attorney client privilege, "the Supreme Court has left open the question of whether it may be overcome, "in exceptional circumstances," by a criminal defendant's constitutional right to present a defense. *Swidler & Berlin v. United States, 524 U.S. 399, 408 n.3, 118 S. Ct. 2081, 141 L. Ed. 2d 379 (1998). See also United States v. Sattar, No. 02-CR-395 (JGK), 2003 U.S. Dist. LEXIS 16164, 2003 WL 22137012, at *17-21 (S.D.N.Y. Sept. 15, 2003)*

Significantly, the privileges present here are not those of the parties to the case, and the materials sought to be used will not have any impact whatsoever on the privilege holders (most of whom, upon information and belief, are not even aware of the government's receipt of the materials and the privilege team review). The privilege holders may raise the privilege in any context relevant to them, and any order authorizing their use herein could maintain the confidentiality of the materials for any purpose outside their use in this case, in accordance with FRE 502 and otherwise.

Based upon the circumstances described herein, Mr. Recio's constitutional right to present a defense yields to the attorney client and work product privileges regarding the individuals identified herein. Accordingly, this Court should authorize their use.

## VI. Relief Requested

FRE 502(d) authorizes a federal court to order that the attorney client and work product privilege is not waived by disclosure in connection with litigation pending before the court. Mr. Recio seeks an order from the Court authorizing the use of all attorney client and work product privileged communications and materials regarding the individuals identified above. Such order would direct the taint team to produce to the prosecution team and Special Agent Costanzo these materials, such that all parties will have access and authorization to use them in this case. The materials would be subject to the Protective Order, ECF 109, plus such additional protections to ensure that the privileged materials are protected under FRE 502 and otherwise.

## VII. Conclusion

For all the above reasons, this Court should enter an Order authorizing the use of attorney client and work product materials as described herein.

Dated: October 9, 2023
      New York, New York

Respectfully submitted,
s/Amber Donner
Amber Donner
Ronald Gainor
Gainor & Donner
3250 Mary Street
Suite 405
Miami, Florida 33133
Email: gainorlaw@gmail.com
*Counsel for Manuel Recio*

cc Via ECF: all counsel

---

(requiring further development of the record to determine whether "exceptional" circumstances existed such that the Constitution required that attorney-client- and work-product-privileged material be turned over.").