UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 22-CR-281 (JPO) |
| MANUEL RECIO, | ORDER |
| Defendant. | |

J. PAUL OETKEN, District Judge:

The jury trial in this case is scheduled to begin on October 23, 2023.  The indictment charges Defendant Manuel Recio, as well as co-Defendant John Costanzo, Jr., with one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Count One); one count each of substantive bribery, in violation of 18 U.S.C. §§ 201 and 2 (Counts Two and Three);[1] one count of conspiracy to commit honest services fraud, in violation of 18 U.S.C. §§ 1349 (Count Four); and one count of honest services fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2 (Count Five).  (ECF No. 1.)

On September 19, 2023, Defendant Recio filed a motion to quash a trial subpoena served on Global Legal Consulting (GLC), a Florida LLC wholly owned by Recio.  (ECF No. 111.) The Government filed a response on September 25, 2023.  (ECF No. 112.)  Recio filed a reply on October 2, 2023.  (ECF No. 122.)

Rule 17(c)(2) provides that the Court may quash or modify a trial subpoena "if compliance would be unreasonable or oppressive."  The party seeking compliance with the subpoena must show by a preponderance of the evidence that the requested materials are (1)

---

[1] Count Two charges Costanzo with being a public official who accepted a bribe; Count Three charges Recio with bribery of a public official.

relevant; (2) specifically identified; (3) admissible; and (4) "not otherwise procurable by the exercise of due diligence." *United States v. Barnes*, 560 F. App'x 36, 40 (2d Cir. 2014) (summary order).

Recio argues, first, that the trial subpoena is not sufficiently specific. That argument lacks merit. The subpoena seeks documentation relating to three specific payments on three specific days. That is sufficiently specific to avoid the concerns of a "general fishing expedition." *United States v. Nixon*, 418 U.S. 683, 700 (1974). Such documents, or their absence, would be relevant to the Government's case. Defendant's argument that the Government must "know of the existence and location of the subpoenaed documents" is based on a mischaracterization of *United States v. Fridman*, 337 F. Supp. 3d 259, 265 (S.D.N.Y. 2018), *aff'd sub nom.* 974 F.3d 163 (2nd Cir. 2020), which is not about the specificity requirement.

Second, Recio argues that the subpoenaed materials are already within the Government's possession because the Government has all of Recio's pertinent documents and electronically stored information. This argument also fails. The Government has the right to subpoena *GLC* for any responsive documents, irrespective of what documents it has from Recio, to obtain such GLC documents or to establish that they do not exist.

Finally, Recio argues that the subpoena seeks testimonial information in violation of his Fifth Amendment privilege against self-incrimination. The Court has already rejected this argument in connection with Recio's previous argument to quash a grand jury subpoena. (Sealed Opinion and Order dated July 17, 2023.) The Second Circuit has held that corporations cannot avail themselves of the Fifth Amendment's protection against the compelled production of potentially incriminating testimonial communications, based on the "long-established" collective entity rule. *In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157 (2d Cir. 2010)

(citation omitted).  "A corollary of this rule is that the custodian of corporate records, who acts as a representative of the corporation, cannot refuse to produce corporate records on Fifth Amendment grounds . . . This is true (1) whether the subpoena is directed to the corporation itself or to the custodian in his representative capacity, and (2) regardless of how small the corporation may be."  *Id.* at 157-58.  (internal citations and quotation marks omitted).  In *Grand Jury Subpoena*, the Second Circuit reiterated that "a one-person corporation cannot avail itself of the Fifth Amendment privilege."  *Id.* at 158.  This principle applies equally to a one-member limited liability company.  *See, e.g.*, *S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 364-65 (N.D.N.Y. 2010).  Again, Recio's reference to the *Fridman* decision and the "foregone conclusion" doctrine is beside the point.  As the court explained in *Fridman*, the collective entity doctrine is an exception to the act-of-production privilege that is separate from the "foregone conclusion" doctrine.  It is the collective entity doctrine that applies here.

For the foregoing reasons, Defendant Recio's motion to quash the trial subpoena served on GLC on or about August 28, 2023 (ECF No. 111) is denied.

SO ORDERED.

Dated: October 10, 2023
      New York, New York

_____
            J. PAUL OETKEN
        United States District Judge