

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 10, 2023

**BY ECF**
The Honorable J. Paul Oetken
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *United States v. John Costanzo Jr. and Manuel Recio*, 22 Cr. 281 (JPO)

Dear Judge Oetken:

   The Government writes to oppose the motion filed by defendant Manuel Recio (the "Motion") seeking a sweeping order from the Court "authorizing the use of all [attorney-client] communications and materials recovered by the government and included within the Intercepts and ESI" for 9 separate criminal defendants or targets of criminal investigations. Mot. at 3. Recio's motion utterly disregards the rights of the privilege-holders, is wholly lacking in legal or factual support, and is completely untimely.

   As discussed below, counsel for Manuel Recio has been in possession of the subject attorney-client privileged materials for over a year. Yet Recio has chosen to wait until two weeks before trial to seek an unprecedented order from the Court completely abrogating the attorney-client privilege for 9 third party privilege holders over an unknown number of communications—communications which presumably include discussion of the privilege holders' criminal conduct. And despite having these communications for over a year, Recio's defense counsel has apparently failed to give the attorneys for these 9 client privilege holders the opportunity to confer with their clients, so that the client privilege holders can either agree to waive their attorney-client privilege, or to refuse to do so and file objections with the Court.

   Were that not enough, defense counsel has not provided the Court with the specific communications they intend to introduce at trial for an *in camera* review, nor have they explained how these out-of-court statements are remotely admissible under the Federal Rules of Evidence. Instead, defense counsel seeks an immediate order from this Court directing "the [Government] taint team to produce to the prosecution team and Special Agent Costanzo these materials [all attorney-client communications with these nine privilege holders and their criminal defense attorneys], such that all parties will have access and authorization to use them in this case." *Id.* at 5. This request is

improper in several respects, is without legal or factual basis, and thus should be denied.

Setting aside the impropriety of a blanket order waiving the attorney-client privilege of 9 privilege holders without their knowledge or consent, there are several reasons why Recio's current requests should be denied.

First, there is no legal precedent justifying Recio's extreme request to completely abrogate the attorney-client privilege for an entire class of protected communications. Indeed, the case law suggests the opposite; at best, it is unclear as to when, if ever, a criminal defendant's due process rights would require abrogation of another individual's attorney client privilege. The right to present a defense—even in criminal cases, where the right is at its strongest—is not "absolute," *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982), and "may, in appropriate cases, bow to accommodate other legitimate interests," *Rock v. Arkansas*, 483 U.S. 44, 55 (1987). More specifically, the Supreme Court has held that a defendant "does not have an unfettered right to offer testimony that is incompetent, *privileged*, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988) (emphasis added); *see also, e.g., United States v. Serrano*, 406 F.3d 1208, 1215 (10th Cir. 2005) ("The right to present a defense . . . does not displace traditional privileges."); *Valdez v. Winans*, 738 F.2d 1087, 1089-90 (10th Cir. 1984) (holding that the Compulsory Process Clause did not override the attorney-client privilege).

The Supreme Court, in holding that the attorney-client privilege survives a client's death, rejected the argument that the privilege should give way where maintaining the privilege would result in "extreme injustice" or where the privileged information is of "substantial importance." *Swidler & Berlin v. United States*, 524 U.S. 399, 406-409 (1998). In that case, the Supreme Court concluded that "[b]alancing *ex post* the importance of the information against client interests . . . introduces substantial uncertainty into the privilege's application," and rejected the use of a "balancing test in defining the contours of the privilege." *Id.* at 409.

The Sixth Circuit, and another court within the Southern District of New York, have further held that a defendant's right to present a defense cannot outweigh the assertion of the attorney-privilege. *See Ross v. City of Memphis*, 423 F.3d 596 (6th Cir. 2005); *United States v. Wells Fargo Bank, N.A.*, 132 F. Supp. 3d 558 (S.D.N.Y. 2015). As Judge Furman reasoned in *Wells Fargo*, this "is the necessary consequence of commitment to the important policies and values underlying the attorney-client privilege." 132 F. Supp. 3d at 566. An "uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all." *Id.* at 563 (quoting *Upjohn Co. v. United States,* 449 U.S. 383, 393 (1981)). Moreover, the "loss of evidence admittedly caused by the privilege is justified in part by the fact that without the privilege, the client may not have made such communications in the first place." *Id.* (quoting *Swidler,* 524 U.S. at 408). That is, "without assurance" that the privilege would apply, an individual might "very well" not make disclosures in the first place, "so the loss of evidence is more apparent than real." *Id.* (quoting *Swidler,* 524 U.S. at 408).

To be sure, *Ross* and *Wells Fargo* were civil rather than criminal cases. However, as the Supreme Court has recognized, "there is no case authority for the proposition that the [attorney-client] privilege applies differently in criminal and civil cases." *Swidler* 524 U.S. at 408–09; *see*

*Wells Fargo*, 132 F. Supp. 3d at 565 (same); *United States v. Ghavami*, 882 F. Supp. 2d 532, 544 (S.D.N.Y. 2012) (holding that the Government's obligations under *Giglio v. United States*, 405 U.S. 150 (1972), do not override the attorney-client privilege).

Indeed, even the cases cited by Recio do not stand for the remedy that Recio seeks—a sweeping order abrogating the attorney-client privilege held by third parties. Again, the caselaw he cites suggest the opposite. In *United States v. Rainone*, the Seventh Circuit remarked that it would "have difficulty imagining an actual case" where the Sixth Amendment would override the attorney-client privilege, 32 F.3d 1203, 1206 (7th Cir. 1994), and affirmed the district court's refusal to abrogate the privilege, *id.* at 1207 ("A trial judge does not violate the Constitution when he limits the scope of cross-examination for a good reason, and here as in the usual case desire to protect the attorney-client privilege was a good reason."). Similarly, in *United States v. Weisberg*, the court required the third-party privilege holders to address the defendant's motion, and held that to "determine whether a particular item of evidence is privileged and, if so, whether it is nevertheless so important to the defense that its disclosure is constitutionally required, it is appropriate for the district court to review, in camera, each item in question." No. 08-CR-347 NGG RML, 2011 WL 1327689, at *5 (E.D.N.Y. Apr. 5, 2011).[1]

Second, the Court should deny the Motion because Recio has not made an adequate factual showing. Recio has not identified for *in camera* review particular documents, or even categories of documents, he would seek to use at trial. *See Weisberg*, 2011 WL 1327689, at *5 (ordering an *in camera* review of all privileged materials before making a determination). Recio also does not identify which Federal Rule of Evidence would permit him to admit the statements of himself and others that are presumably contained in these communications. And most importantly, he makes no attempt to explain how these documents are so exculpatory and material that it would violate his due process rights not to be able to use them in light of the countervailing privilege considerations.

Third, Recio's motion is not timely, particularly in light of its other inadequacies. Recio has had these documents in his possession for more than a year, but waited until the eve of trial to file the Motion. There was nothing preventing him from contacting the privilege-holders, or their counsel, at any time over the course of the past year—or since this investigation became overt in November 2019—to ascertain their position regarding any relevant privilege or waiver. By filing

---

[1] This case is also not *Morales v. Portuondo*, 154 F. Supp. 2d 706, 731 (S.D.N.Y. 2001), where the court found that "remarkable circumstances" existed to waive the privilege. As an initial matter, the parties did not brief the *Morales* court on the Supreme Court's decision in *Swidler*, which rejected a "balancing test in defining the contours of the privilege." *Swidler*, 524 U.S. at 406-409. In any event, *Morales'* facts are vastly different than here. In *Morales,* the petitioner was convicted of murder. *Portuondo*, 154 F. Supp. 2d at 731. However, another man actually committed the killing and confessed it to an attorney and three other people. *Id.* The petitioner sought to call the attorney to testify about the conversation. *Id.* The *Morales* court held that although the murderer had sought "to obtain legal advice, [] he was merely repeating what he had already told three other people." *Id.* at 731. The court accordingly concluded that the murderer "was undoubtedly speaking the truth when he told [his attorney] that he had committed the murder," and held there were "remarkable circumstances" supporting the waiver of the attorney-client privilege. *Id.*

the Motion now, Recio has made it nearly impossible for the relevant parties to be notified, given an opportunity to object, for the Court to review the relevant materials, or for the Government to review and make use of these communications at trial. The trial date is set, and the parties agreed upon deadlines for production of exhibits and witness statements, which are now all past.[2] Recio cannot now seek to disregard these deadlines by filing the Motion regarding an unknown and potentially substantial quantity of materials on the eve of trial.

Under these circumstances, the Court should deny the Motion. Recio has failed to identify any caselaw supporting his request for a wholesale abrogation of the attorney-client privilege of 9 other criminal defendants or targets; Recio has made no attempt to identify documents for *in camera* review, establish how these materials are admissible, or explain how these documents are so exculpatory and material that it would violate his due process rights not to be able to use them in light of the countervailing privilege considerations; and the Court should further deny the Motion as untimely given that Recio could have filed the Motion at any time in the past year but waited until the eve of trial without justification, explanation, or consulting with the privilege holders.[3]

For the foregoing reasons, the Government respectfully requests that the Court deny the Motion.

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

By:          /s/
             Mathew Andrews
             Emily Deininger
             Sheb Swett
             Assistant United States Attorneys
             Southern District of New York
             (212) 637-6526/-2472/-6522

---

[2] To be clear, any party can supplement exhibits or witnesses so long as that action is taken in good faith. For the reasons set forth herein, Recio's counsel has not established a good faith basis for their sweeping request.

[3] The Government further objects to Recio's proposal that the Government's filter team bear the burden of searching for, identifying, and producing the communications with the nine identified individuals should the Court abrogate the attorney-client privilege of the 9 privilege holders. Recio's counsel is in possession of the communications, Recio's counsel wishes to use the communications, and Recio's counsel therefore should be responsible for identifying and producing the allegedly potentially exculpatory communications.