

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 2, 2023

**BY ECF**
The Honorable J. Paul Oetken
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *United States v. John Costanzo Jr. and Manuel Recio*, 22 Cr. 281 (JPO)

Dear Judge Oetken:

The Government respectfully writes in response to defendant John Costanzo's motion, submitted this morning, regarding GX 214.  Defendant Costanzo is raising these issues for the first time, near the conclusion of trial—indeed, on the day the Government plans to rest—and after having never raised it in a prior motion *in limine*, despite the fact that the parties have been engaged in discussions regarding the excerpts of recordings that would be admissible for weeks, and after the Government accordingly discussed this recording in its opening based in part on those good faith discussion.

First, the Court should admit GX 214 and its corresponding transcript (GX 214-T) in their entirety. The exhibit is an intercepted call between the co-defendants, in which they discuss rumors from "Rogelio," "Juancho," and "Carlos Ramon" that David Macey had Costanzo "in his back pocket." The Government agrees that those statements about Macey buying Costanzo a Mercedes are hearsay. But the Government does not seek to introduce those statements for their truth. Rather, they are admissible to show the defendants' state of mind and to provide context for what comes next—a conversation between Costanzo and Recio in which they discuss threatening and silencing these individuals ("Handle that, handle those fucking idiots. If not, I'm gonna, I'll scare the shit out of them. . . . Cause if they want a problem, I'll make a problem. I'll find people to put problems on them. . . . They should be lucky that they're breathing the air."). This evidence goes directly to the defendants' mental states, which they have put at issue from the first day of trial. The defense openings repeatedly claimed that all of Costanzo's and Recio's actions were done in good faith. Accordingly, the Government is more than entitled to show how the defendants reacted when they learned their relationship with David Macey was under scrutiny. Yet without some understanding of what Rogelio, Juancho, and Carlos Ramon were saying, the subsequent conversation between Costanzo and Recio will be incomprehensible to the jury. That is why the allegations must come in, and to the extent there is any risk of prejudice, the Court can easily cure it with a limiting instruction

that those allegations are not being offered for their truth, but merely to show their effect on the defendants.

Costanzo's 403 argument regarding Rogelio's background also fails. To be clear, the defendants were the first to introduce Rogelio in this trial. During Mr. Hernandez's cross-examination, Mr. Mukasey asked if Mr. Hernandez knew Rogelio, which Mr. Hernandez affirmed. (Trial Tr. 736:2-3). Having brought Rogelio to the jury's attention, the defendants cannot now complain that the Government is showing Rogelio's connection to the defendants. Moreover, the jury will learn about allegations regarding Rogelio because the defendants discussed it themselves. In October 2019, approximately two months after the phone call contained in GX 214, Costanzo sent Recio information about Rogelio that Costanzo had received from a "concerned citeizen [sic]." (GX 332, GX 311-TR). This information consisted of allegations that Rogelio "is a murderer and a ruthless criminal who has killed so many people and nothing has happened to him and he mocks all those events." (GX 311-TR). Costanzo told Recio not to share this information and that he was sending it because "I don't want u close in case we make moves u know what I mean[?]". (GX 332). Costanzo chose to leak information he had received from a member of the public not to advance any DEA agenda, but rather to protect Recio. This goes to the heart of the charged conduct and is plainly admissible. Finally, after spending hours cross-examining Mr. Hernandez on his criminal past, including his drug trafficking and his murder, the defendants cannot claim that the jury will be scandalized or unduly prejudiced by evidence of the defendants' involvement with Rogelio.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:       /s/
Mathew Andrews
Emily Deininger
Sheb Swett
Assistant United States Attorneys
Southern District of New York
(212) 637-6526/-2472/-6522