**AP**

22 Cr. 281 (JPO)

Nov. 3, 2023

VIA EMAIL TO CHAMBERS

Hon. J. Paul Oetken
United States District Judge
Southern District of New York

Re:  United States of America v. John Costanzo Jr. and Manuel Recio, 22 CR 281

Dear Judge Oetken,

I am writing as a reporter for The Associated Press to respectfully request the Court address certain restrictions on public access either that have been imposed, or that are being sought, in the above-captioned matter. In particular, I write to request that the Court (i) limit any future closures of the courtroom, (ii) order the release of the redacted transcript the Court ordered to be prepared memorializing the Oct. 31, 2023, proceedings held behind closed doors, and (iii) order the parties to make publicly available in a prompt and contemporaneous manner any exhibits submitted in open court.

At the urging of senior U.S. officials, Assistant U.S. Attorney Mathew Andrews has again raised the specter of sealing the courtroom anticipating the potential reference of sealed Gov. Exhibit 302 in the upcoming summations of this trial. The AP already objected to the sealing of these proceedings during the court hearings on October 31, and now urges the Court to minimize future closings of the courtroom and the attendant prejudice to the public.

The subject matter of the Government's courtroom sealing efforts – Gov. Ex. 302 – was previously made publicly available on the U.S. Attorney's Office online file share at the outset of the trial. It does not identify any confidential sources by name, and AP respectfully contends the parties can refer to its existence in a manner that does not jeopardize national security.

We are also concerned that several supporters and family members of the defendants were permitted to remain in the courtroom during the closed Oct. 31 testimony of former federal prosecutor Michael Nadler. This is inconsistent with the Government's justification for sealing the proceedings that disclosure "would likely result in serious diplomatic repercussions for the United States."

**THE ASSOCIATED PRESS**
Advancing the Power of Facts

In any event, no transcript has yet been made public from those proceedings, despite the Court's order that a redacted transcript be released. We request that the Court order that the transcript be released immediately, so that the public can follow this case in an informed manner.

Finally, the AP requests the Court instruct the parties to release those non-sealed exhibits that have been admitted into the public record of these proceedings. The U.S. Attorney's Office began releasing said exhibits last week but abruptly stopped doing so in the immediate aftermath of its errant upload of Gov. Ex. 302. In the United States antitrust case against Google, for example, a federal court in Washington, D.C., recently ordered that documents used during the trial should be published online at the end of each day.

The First Amendment and common law provide the public with rights of access to criminal trial proceedings and records. See, e.g., Richmond Newspapers v. Virginia, 448 U.S. 555, 571 (1980); Press-Enterprise Co. v. Superior Court ("Press-Enterprise I"), 464 U.S. 501, 505–08 (1984). The right is premised on "the common understanding that 'a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs.'" Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 604 (1982). "Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." Press-Enterprise I, 464 U.S. at 508. Under the First Amendment, "judicial documents" may not be sealed "unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court ("Press-Enterprise II"), 478 U.S. 1, 13–14 (1986); see also In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987).

The common law also provides a qualified right of public access to inspect and copy judicial records in a criminal trial. Nixon v. Warner Commc'ns, 435 U.S. 589, 597–98 (1978). The right is based on the need for federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted). Courts apply a three-step analysis: (i) whether the document is a "judicial document"—i.e., whether it is "relevant to the performance of the judicial function and useful in the judicial process"; (ii) the weight of the presumption to be applied; and (iii) a balancing of competing interests against the presumption of access. Id. at 119–20.

These proceedings are indisputably a matter of public interest. The government alleges that two longtime U.S. Drug Enforcement Administration agents abused their discretion by leaking sensitive law enforcement information as part of a bribery scheme. This trial presents a rare and sacred window into how taxpayer-funded federal law enforcement conducts the public's business and polices its own.

Thank you for your consideration of this matter.

Best,


Jim Mustian
The Associated Press


**THE ASSOCIATED PRESS**
Advancing the Power of Facts