UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

                         :

UNITED STATES OF AMERICA

                         :        AMENDED ORDER OF

       - v. -                  FORFEITURE/

                         :       <u>MONEY JUDGMENT</u>

MANUEL RECIO, a/k/a "Manny,"

                         :       22 Cr. 281 (JPO)

        Defendant.

                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about May 18, 2022, MANUEL RECIO, a/k/a "Manny" (the "Defendant"), and another, was charged in four counts of a five-count Indictment, 22 Cr. 281 (JPO) (the "Indictment"), with conspiracy to bribe a public official, in violation of Title 18, United States Code, Section 371 (Count One); bribery of a public official, in violation of Title 18, United States Code, Section 201(b)(1)(C) and 2 (Count Three); conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Four); and honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Five);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Five, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment;

WHEREAS, on or about November 8, 2023, the Defendant was found guilty, following a jury trial, with respect to Counts One, Three, Four and Five of the Indictment;

WHEREAS, the Government asserts that $23,250 in United States currency represents proceeds traceable to the offenses charged in Counts One, Three, Four and Five, that the Defendant personally obtained; and

WHEREAS, on or about May 14, 2024, the Court entered a Preliminary Order of Forfeiture/Money Judgment imposing a money judgment against the Defendant in the amount of $23,250 in United States currency (the "Recio Money Judgment"), pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), representing the proceeds traceable to the offenses charged in Counts One, Three, Four and Five that the Defendant personally obtained;

WHEREAS, on or about April 24, 2024, the Court entered a Preliminary Order of Forfeiture/Money Judgment (the "Costanzo Money Judgment", together with the Recio Money Judgment, the "Forfeiture Orders") imposing a money judgment against the Defendant's co-defendant, John Costanzo ("Co-Defendant") in the amount of $98,250 in United States currency (the "Costanzo Money Judgment"), pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), representing the proceeds traceable to the offenses charged in counts One, Two, Four and Five that the Co-Defendant personally obtained;

WHEREAS, on or about September 6, 2024, the Co-Defendant paid $98,250 to the Government in satisfaction of the Costanzo Money Judgment;

WHEREAS, on or about May 8 and May 24, 2024, the Defendant and his Co-Defendant filed timely appeals from the judgments against them;

WHEREAS, on or about September 12, 2025, the United States Court of Appeals for the Second Circuit issued a summary order (i) holding that the Defendant and his Co-Defendant should have been made jointly and severally liable to the extent they had been ordered to forfeit

the "same amount[s]," (ii) vacating the Forfeiture Orders, and (iii) remanding "with respect to the forfeiture orders for further proceedings consistent with this summary order";

WHEREAS, the Government asserts that the $23,250 represents proceeds of the charged offenses that was in the possession and control of the Defendant before it was transferred to his Co-Defendant and that the Forfeiture Orders therefore reflected the "same amount" as to the $23,250; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Three, Four and Five that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    As a result of the offenses charged in Counts One, Three, Four and Five of the Indictment, an amended money judgment in the amount of $23,250 in United States currency (the "Amended Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Three, Four and Five of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-Defendant, shall be entered against the Defendant.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Order of Forfeiture/Money Judgment is final as to the Defendant MANUEL RECIO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    Upon entry of this Amended Order of Forfeiture/Money Judgment, the Amended Money Judgment shall be deemed fully satisfied.

4.    The Court shall retain jurisdiction to enforce this Amended Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge

December 11, 2025
DATE